Per curiam

A bill of review lies only upon a final decree enrolled. Before it is finally pronounced and recorded, any mistakes may be rectified by a rehearing granted upon a petition for that purpose, stating wherein the injustice is likely to happen. A bill of review is always granted by the permission of the court, given either in one form or another. If it be grounded upon new matter discovered since the hearing, that, is exhibited to the court by way of petition for a bill of review; and the allegations of the petition are supported'by affidavits — and upon these, the court decides whether it he proper to allow a bill of review. If it be grounded upon error apparent in the proceedings, then the bill is filed without any petition but the Defendant pleads the decree in bar, and demurs to the opening the enrolment of it — and then the court, before they can dispose of the demurrer, are necessarily obliged to look into the decree, and see whether there is any such error as makes it proper to overrule the demurrer. If there is no such error, they allow the de-. murrer; if otherwise, they overrule it, and open the en-rolment — here is the consent of the court before it can be laid open. When a bill of review is allowed, it docs not operate as a supersedeas to the decree, and nothing in the nature of a supersedeas should issue. This was so decided at Fayetteville, as the counsel has mentioned, in April, 1795, upon consideration. The bill of review must be grounded either upon new matter discovered since the hearing, which the party therefore could not use at the-time of hearing, and which in the judgment of the court would have caused a different decree from what is made, or for error apparent. In the present case, the.objection mow urged, might have been urged at the hearing.' The objection is, that tiiese debts are not the debts of the Company against which the Defendants at law were bound to indemnify the Plaintiffs at law; and for proof of this, they refer to a comparison of the bonds with the words of the agreement. What was to hinder them from urging *405 this matter at the time when the latter dissolution took place? Why did they not long ago, except to that part of the report which states these bonds to be a part of the partnership debts not yet recovered by the creditors ?— That report was made up in their presence many terms ago — it was never excepted or objected against, till this bill was filed. This therefore is not. any new matter proper for a bill of review, even were the court now to decide upon the propriety of granting a bill of review.— The counsel however, is willing to consider it as a petition for a rehearing, and should it now be disallowed, that the injunction granted upon it shall stand dismissed. It must be in substance a petition for a rehearing, though it differs in form, and upon that groud we will hear it read, and decide upon it. It was then read, and the answer of the Defendants also, by consent ; and the court directed the injunction granted upon it to hr dissolved— the answer having stated precisely, that these were debts due by the Company, the Defendants at law were bound to indemnify.